# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In re

EDMUNDO JIMENEZ & WANDA SOLER

Debtors

CASE NO. 10-02205 SEK

Chapter 11

## Plan of Reorganization
## of Small Business Case under Chapter 11
### B25A (Official Form 25A) (12/08)

DATED:  June 30, 2010

EDGARDO MUÑOZ, PSC
*counsel for debtor-in-possession*
PO Box 360971
San Juan, PR 00936-0971
Tel. (787) 524-3888
Fax (787) 524-3888

**EDGARDO MUÑOZ**
USDC NO. 125713
emunoz@emunoz.net

**Plan of Reorganization**                                                     *Page 2*
*CASE NO. 10-02205 sek*

# TABLE OF CONTENTS

Edm-PLAN.wpd

ARTICLE I .  SUMMARY ..................................................................................................................  3

ARTICLE II
          CLASSIFICATION  OF CLAIMS AND INTERESTS ..........................................................  3

ARTICLE III
          TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
          U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS ....................................................  4

ARTICLE IV
          TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN ................................  4

ARTICLE V –  ALLOWANCE AND DISALLOWANCE OF CLAIMS ...........................................  10

ARTICLE VI  – PROVISIONS FOR EXECUTORY CONTRACTS ................................................  10

ARTICLE VII – MEANS FOR IMPLEMENTATION OF THE PLAN ............................................  11

ARTICLE VIII – GENERAL  PROVISIONS ...................................................................................  11

ARTICLE IX  – DISCHARGE .........................................................................................................  11

**Plan of Reorganization**                                                                      *Page 3*
*CASE NO. 10-02205 sek*

ARTICLE I .  SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the  Code) proposes to pay creditors of  Edmundo Jimenez / Wanda Soler  DBA  In Business For Team Development (the Debtors) from  its cash flows from operations.

This Plan provides for FIVE classes of secured claims, and FOUR classes of unsecured  claims. Unsecured creditors holding allowed  claims will receive distributions of 100 cents on the dollar. This Plan also provides for the payment of administrative and priority  claims.

All creditors and equity security holders should refer to Articles III through VI of this  Plan for information regarding the precise treatment of their claim.  A disclosure statement that  provides more detailed information regarding this Plan and the rights of creditors and equity  security holders has been circulated with this Plan.  Your rights may be affected.  You should  read these papers carefully and discuss them with your attorney, if you have one. (If you do  not have an attorney, you may wish to consult one.)

ARTICLE II
CLASSIFICATION  OF CLAIMS AND INTERESTS

1.      Class 1.      All allowed claims entitled to priority under sec. 507 of the Code  (except administrative expense claims under  sec. 507(a)(2), and  priority tax claims under  sec. 507(a)(8)).

2.      Class 2A.      The claim of Doral Mortgage to the extent allowed as a secured claim under sec. 506 of the Code.

3.      Class 2B      The claim of Toyota Credit to the extent allowed as a secured claim under sec. 506 of the Code.

4.      Class 2C      The claim of  CRIM to the extent allowed as a secured claim under  sec. 506 of the Code.

5.      Class 2D      The  claim  of Preferred Home/San Jose Homeowner Assoc. to the extent allowed as a secured claim under  sec. 506 of the Code.

6.      Class 2E      The Partially Secured claim of Banco Popular arising out of a line of credit extended to debtor's owned corporation, In Business for Team Development, Inc which was  personally  guaranteed  by debtors, and  a  pre-judgment attachment of funds ($14,073.16) to the extent allowed as a secured claim under  sec. 506 of the Code.

7.      Section  1129(a)(9)(D) of the Code provides that a secured tax claim which  would otherwise meet the description of a priority tax claim under   sec. 507(a)(8) of the Code is to be paid

**Plan of Reorganization**                                                                      *Page 4*
**CASE NO. 10-02205 sek**

in the same manner and over the same period as prescribed in sec. 507(a)(8).

8.    Class 3A.        All unsecured claims allowed under sec. 502 of the Code, except those classified hereinafter as Classes 3B through 3D

9.    Class 3B.        Unsecured claim of In Business for Team Development, Inc (Case 10-2207SEK) for loans and advances due from officers allowed under sec. 502 of the Code

10.   Class 3C.        Unsecured claim of Banco Popular arising out of a line of credit extended to debtor's owned corporation, In Business for Team Development, Inc which was personally guaranteed by debtors as allowed under sec. 502 of the Code

11.   Class 3D.        Unsecured claim of Banco Popular for arising out of the financing of the farm purchased by debtor's owned corporation, In Business for Team Development, Inc – which was personally guaranteed by debtors as allowed under sec. 502 of the Code

12.   Class 4          Equity Interest Holders

ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

13.   Unclassified Claims.   Under section 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

14.   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under sec. 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

15.   Priority Tax Claims.   Each holder of a priority tax claim will be paid in full the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief. These claims will be paid their allowed amount, with 10%, interest in 36 equal monthly installments, commencing 30 days after the effective date of the plan.

16.   United States Trustee Fees.   All fees required to be paid by 28 U.S.C. 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**Plan of Reorganization** *Page 5*
*CASE NO. 10-02205 sek*

17.    Claims and interests shall be treated as follows under this Plan:

| | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| **Class 2A** | *Secured claim of*: DORAL MORTGAGE<br><br>Collateral description =<br><br>Debtors' residence in Caguas<br><br>Allowed Secured Amount = $224,588.49 (PoC 7) | NO | unimpaired | Monthly Pmt  = $1,713.32<br><br>Will be kept current, lien retained, creditor's rights not altered |
| Class 2B | *Secured claim of*:<br><br>TOYOTA CREDIT<br><br>Collateral description =<br><br>secured financing of 2007 motor vehicle<br><br>Allowed Secured Amount $21,843.17 (PoC 8) | NO | unimpaired | Monthly Pmt  = $538.23<br><br>Will be kept current, lien retained, creditor's rights not altered |

| Class 2C | *Secured claim of*:<br><br>CRIM<br><br>Collateral description =<br><br>statutory lien for property taxes<br><br>Allowed Secured Amount $1,217.76 (PoC 2) | NO | impaired | Lien retained until paid.<br><br>Payment in full, with 10% interest in one lump sum in the 4th month after the effective date |
|---|---|---|---|---|
| Class 2D | *Secured claim of*:<br>Preferred Home<br>Collateral description =<br>statutory lien for maintenance fees<br>Allowed Secured Amount $486 (PoC 9) | NO | impaired | Lien retained until paid.<br><br>Payment in full, with 10% interest in one lump sum in the 5th month after the effective date |

**Plan of Reorganization**                                                    *Page 7*
*CASE NO. 10-02205 sek*

| Class 2E | *Partially Secured claim of*: Banco Popular arising out of a line of credit extended to debtor's owned corporation, In Business for Team Development, Inc which was personally guaranteed by debtors.<br><br>Collateral description = pre-judgment attachment of funds<br><br>Secured Amount $14,073.16 (funds attached)<br>Whole claim amount $316,474.74 | NO | impaired | Lien to be avoided (preferential transfer)<br><br>Whole claim treated as unsecured Class 3C |
| --- | --- | --- | --- | --- |
| | | | | |

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| **Class 3A** | General Unsecured Class | impaired | Will receive dividends totaling 100% of the allowed claim without interest in 120 equal monthly payments. <br><br> Aggregate Monthly Pmt to this class = $1,010 <br> Payments Begin  = 30 days after the effective date <br><br> Estimated percent of  =   100% claim paid |
| **Class 3B** | Unsecured claim owed to debtor's owned corporation, In Business for Team Development, Inc (Case 10-2207SEK) <br><br> (loans and advances due from officers totaling $266,554) <br><br> This class will receive dividends on its claim to fund the plan of related case (Case 10-2207SEK) in order to pay in full the non-insider claims in said related case. <br><br> The spread of the payments is the same (120 months as that of Class 3A. | impaired | Will receive dividends totaling 100% of the allowed claim without interest in 120 equal monthly payments. <br><br> Aggregate Monthly Pmt to this class = $2,221 <br><br> Pmts Begin  = 30 days after the effective date <br><br> Estimated percent of <br><br> claim paid      =   100% |

**Plan of Reorganization** *Page 9*
*CASE NO. 10-02205 sek*

| Class 3C | *Partially Secured claim of:*<br><br>Banco Popular<br><br>arising out of a line of credit extended to debtor's owned corporation, In Business for Team Development, Inc which was personally guaranteed by debtors.<br><br>Lien to be avoided (preferential transfer)<br><br>Whole claim for $316,474.74 treated as unsecured Class 3C See more details in description of Class 2E | impaired | Will receive dividends totaling 100% of the allowed claim without interest in 120 equal monthly payments.<br><br>Aggregate Monthly Pmt to this class = $2,637<br><br>Pmts Begin  = 30 days after the effective date<br><br>Estimated percent of<br><br>claim paid     =  100% |
| --- | --- | --- | --- |
| Class 3D | *Unsecured claim of:*<br>Banco Popular for<br><br>$171,093.44<br><br>arising out of the financing of the farm purchased by  debtor's owned corporation, In Business for Team Development, Inc which was personally guaranteed by debtors.<br><br>This claim is unsecured in this case but secured with a mortgage over the farm in the related case 10-2207SEK | Impaired | Debtors shall remain as guarantors of this claim.<br><br>No dividends are provided in this plan.<br><br>The claim – secured with a real estate mortgage in  related case 10-2207SEK – is to be paid in said case pursuant to the terms agreed to in the mortgage note. |

**Plan of Reorganization**                                                    *Page 10*
*CASE NO. 10-02205 sek*

---

18.     *Class 4 of Equity Interest Holders* shall retain the property not otherwise disposed of under the plan, but will receive no dividends.


ARTICLE V –  ALLOWANCE AND DISALLOWANCE OF CLAIMS


19.     Disputed Claim.  A disputed claim is a claim that has not been allowed or  disallowed by a final non appealable order, and as to which either: (I) a proof of claim has been  filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent,  or unliquidated.


20.     Delay of Distribution on a Disputed Claim.  No distribution will be made on  account of a disputed claim unless such claim is allowed by a final non appealable order.


21.     Settlement of Disputed Claims.  The Debtor will have the power and authority to  settle and compromise a disputed claim with court approval and compliance with Rule 9019 of  the Federal Rules of Bankruptcy Procedure.


ARTICLE VI  – PROVISIONS FOR EXECUTORY CONTRACTS


22.     Assumed Executory Contracts and Unexpired Leases.   The Debtor assumes the executory contracts with


        a.      Autoridad de Acueductos y Alcantarillados executed  on March 13, 2010., with any extension thereto.  Debtor has complied with  the  obligations under said contract. Hence there is no curing of defaults required.  The assumption is effective upon the "effective date" of this Plan as provided in Article VII.


        b.      Any ongoing executory contract  with Independent contractors, used in the ordinary course of business to assist debtor in providing the services.  (A list shall be filed 20  days before the hearing on confirmation.)


The Debtor will be conclusively deemed to have rejected all executory  contracts and/or unexpired leases not expressly assumed above, or before  the date of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be  filed no later than 15 days after the date of the order confirming this Plan, or it shall be

forever barred.

## ARTICLE VII – MEANS FOR IMPLEMENTATION OF THE PLAN

23.  Mr. Edmundo Jimenez will continue doing business as a sole proprietorship under the name of In Business For Team Development, and the plan will be funded from income received from contracts with government agencies, banking industry and private sector. Also with the income received from Equine Learning Assisted training offered on Finca Los Milagros Premises at Gurabo, PR

## ARTICLE VIII – GENERAL PROVISIONS

13      Definitions and Rules of Construction. The definitions and rules of construction set forth in sections 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

A. Effective Date of Plan.    The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

B. Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

C. Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

D. Captions.    The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE IX – DISCHARGE

**Plan of Reorganization** *Page 12*
*CASE NO. 10-02205 sek*

24.   Confirmation of the Plan does not discharge any debt provided for in the Plan until  the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in §  1141(d)(5) of the Code.  Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007© of the Federal Rules of Bankruptcy Procedure.


ARTICLE X – OTHER PROVISIONS


25.   Included herewith as Exhibit 1, is a list of payments proposed to be made under this plan.


26.   As discussed in the Disclosure Statement accompanying this plan, debtors own a corporation, In Business For Team Development, Inc. Said entity will receive income from rent, and from the repayment of a debt of its principal shareholders, debtors herein.  The corporation filed a Chapter 11 case which is being handled together with this case. (Case No 10-2207 SEK) The Plan submitted  by said related debtor, is included herewith as Exhibit  2, and is made a part of this plan.


                    S/ EDMUNDO JIMENEZ


                    _____
                    EDMUNDO JIMENEZ, Plan Proponent


                    S/ WANDA SOLER


                    _____
                    WANDA SOLER, Plan Proponent

[Exhibit 1, a list of payments proposed to be made under this plan shall supplied once the bar date for filing claims elapse, and the subsequent claim analysis is concluded.]

EXHIBIT 2

(Plan of Reorganization

in related case

10-02207 SEK)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re

IN BUSINESS FOR TEAM
DEVELOPMENT, INC.

Debtor

CASE NO. 10-02207 SEK

Chapter 11

**Plan of Reorganization**
**of Small Business Case under Chapter 11**
**B25A (Official Form 25A) (12/08)**

DATED: June 30, 2010

**MAXIMILIANO TRUJILLO-GONZALEZ**
*counsel for debtor-in-possession*
USDC NO. 122208
PO Box 9481
Bayamón, PR 00960
Tel. (787) 785-8756
Fax (787) 200-5063
Cel. 787-399-0820
maxtruj@yahoo.com

---

*Page 2*

Plan of Reorganization
*CASE NO. 10-02207 sek*

INB-PLAN.wpd

TABLE OF CONTENTS

ARTICLE I .  SUMMARY  . . . . . . . . . . . . . . . . . . . . . . . . 3

ARTICLE II
  CLASSIFICATION OF CLAIMS AND INTERESTS  . . . . . . . . . 3

ARTICLE III
  TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
  U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS  . . . . . . . 4

ARTICLE IV
  TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN . . . . . 4

ARTICLE V – ALLOWANCE AND DISALLOWANCE OF CLAIMS . . . . . . . 9

ARTICLE VI – PROVISIONS FOR EXECUTORY CONTRACTS  . . . . . . . 9

ARTICLE VII – MEANS FOR IMPLEMENTATION OF THE PLAN  . . . . . 10

ARTICLE VIII – GENERAL PROVISIONS  . . . . . . . . . . . . . . 10

ARTICLE IX – DISCHARGE  . . . . . . . . . . . . . . . . . . . 10

**Plan of Reorganization**
*CASE NO. 10-02207 sek*

Page 3

## ARTICLE I.   SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of In Business For Team Development, Inc. (the Debtor) from its cash flows from collection of rent and related party receivable.

This Plan provides for EIGHT classes of secured claims, and TWO classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions of 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

1.   Class 1.     All allowed claims entitled to priority under sec. 507 of the Code – except administrative expense claims under sec. 507(a)(2), and priority tax claims under sec. 507(a)(8).

2.   Class 2A.    The claim of DORAL MORTGAGE to the extent allowed as a secured claim under sec. 506 of the Code.

3.   Class 2B     The claim of BANCO POPULAR/POPULAR MORTGAGE to the extent allowed as a secured claim under sec. 506 of the Code.

4.   Class 2C     The claim of  CRIM  for real property tax on Gurabo realty to the extent allowed as a secured claim under sec. 506 of the Code.

5.   Class 2D     The claim of  CRIM for real property tax on Guaynabo realty to the extent allowed as a secured claim under sec. 506 of the Code.

6.   Class 2E     The claim of CENTRO INTL. MERCAD-II filed as secured PoC #5 Arising out of maintenance fees for the office space in Centro Internacional de Mercadeo II to the extent allowed as a secured claim under sec. 506 of the Code.

7.   Class 2F     The claim of TOSHIBA PR arising out of finance lease for a copier, to the extent allowed as a secured claim under sec. 506 of the Code.

---

**Plan of Reorganization**
*CASE NO. 10-02207 sek*

Page 4

8.   Class 2G     The Partially Secured claim of Banco Popular arising out of a line of credit, which was personally guaranteed by debtor's shareholders, and a pre-judgment attachment of funds ($3,000) to the extent allowed as a secured claim under sec. 506 of the Code.

9.   Class 2H     The claim of  Unlimited  Storage  arising out of  the  self-storage lease agreement  to the extent allowed as a secured claim under  sec.  506 of the Code.

10.     Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under  sec. 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in  sec. 507(a)(8).

11.   Class 3A.    All unsecured  claims  allowed under sec.  502  of  the  Code, except those classified hereinafter as Class 3B

12.   Class 3B.    Unsecured claim of  Banco Popular arising out of a line of credit extended to to which was personally guaranteed by debtor's shareholders, as allowed under sec. 502 of the Code

13.   Class 4      Equity Interest Holders

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

14.     Unclassified Claims. Under section 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

15.     Administrative Expense Claims.   Each holder of an administrative expense claim allowed under sec. 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

16.     Priority Tax Claims. Each holder of a priority tax claim will be paid in full the present value of such claim, in regular installments paid over a period not exceeding  5  years from the order of relief. These claims will be paid their allowed amount, with 10%, interest in 48 equal monthly installments, commencing 30 days after the effective date of the plan.

17.     United States Trustee Fees.  All fees required to be paid by 28 U.S.C. 1930(a)(6)  (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV

**Plan of Reorganization**
*CASE NO. 10-02207 sek*

TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

18.    Claims and interests shall be treated as follows under this Plan:

|  | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| **Class 2A** | *Secured claim of:* DORAL MORTGAGE Collateral description = 1st mortgage over office in Centro Internacional de Mercadeo Allowed Secured Amount = $398,102.22 | NO | impaired | Collateral, valued in $400,000, shall be surrendered to creditor in full payment of claim. Upon the effective date, the creditor shall be vested with full title over the realty. |

**Plan of Reorganization**
*CASE NO. 10-02207 sek*

|  | | | | |
|---|---|---|---|---|
| Class 2B | *Secured claim of:* The claim of BANCO POPULAR/ POPULAR MORTGAGE Collateral and lien description = Note secured with first mortgage over Gurabo realty, arising out of the financing of the purchase of said farm by debtor Allowed Secured Amount $171,093.44 | NO | unimpaired | Creditor shall retain its lien until paid in full. The claim – secured with a real estate mortgage – is to be paid pursuant to the terms agreed to in the mortgage note. The arrears shall be cured upon the latter of: 6 months from the effective date, or 10 days after reimbursement by Departamento de Hacienda; reinstating the loan to its original maturity and other terms as if no default had occurred. |
| Class 2C | *Secured claim of:* CRIM Collateral description = statutory lien for real property tax on Gurabo realty | NO | impaired | Lien retained until paid. Payment in full, with 10% interest in one lump sum in the 4th month after the effective date |

**Plan of Reorganization**
*CASE NO. 10-02207 sek*                                                                                         Page 7

| Class | | NO | impaired | |
|---|---|---|---|---|
| Class 2D | The claim of CRIM for real property tax on Guaynabo realty to the extent allowed as a secured claim under sec. 506 of the Code. | NO | impaired | Doral is in possession of an escrow account to cover, inter alia, this debt. Doral will be required to account for said escrow within 14 days from the effective date, and turn over to CRIM any corresponding balance. CRIM shall then have 21 days to file a notice of any deficiency. Any such deficiency shall be paid with 10% interest in 48 equal monthly installments commencing 30 days after the notice of deficiency is filed. |
| Class 2E | The claim of CENTRO INTL. MERCAD-II filed as secured PoC #5 Arising out of maintenance fees for the office space in Centro Internacional de Mercadeo II – to the extent allowed as a secured claim under sec. 506 of the Code. | NO | impaired | This creditor has not perfected any lien. Hence, claim treated as unsecured and paid under Class 3A |
| Class 2F | The claim of TOSHIBA PR arising out of a finance lease for a copier, to the extent allowed as a secured claim under sec. 506 of the Code. | NO | Impaired | Collateral shall be surrendered to creditor in full payment of claim. |

**Plan of Reorganization**
*CASE NO. 10-02207 sek*                                                                                         Page 8

| Class | | NO | Impaired | |
|---|---|---|---|---|
| Class 2G | The Partially Secured claim of Banco Popular arising out of a line of credit, which was personally guaranteed by debtor's shareholders, and a pre-judgment attachment of funds ($3,000) to the extent allowed as a secured claim under sec. 506 of the Code. | NO | Impaired | Lien to be avoided (preferential transfer) Whole claim treated as unsecured Class 3C in the companion case 10-2205 SEK, and paid in whole in said case. This debtor shall remain jointly liable until the claim is paid in full. |
| Class 2H | The claim of Unlimited Storage arising out of the self-storage lease agreement to the extent allowed as a secured claim under sec. 506 of the Code. | No | Impaired | Collateral shall be surrendered to creditor in full payment of claim. |

23. Assumed Executory Contracts and Unexpired Leases. The Debtor assumes the executory contracts with its shareholders whereby they rent from debtor its farm in Gurabo. No curing of defaults is provided for since none is needed.

24. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before: the date of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 15 days after the date of the order confirming this Plan, or it shall be forever barred.

ARTICLE VII – MEANS FOR IMPLEMENTATION OF THE PLAN

25. Mr. Edmundo Jimenez will continue doing business as a sole proprietorship under the name of In Business For Team Development, and the plan will be funded from a reimbursement by Departamento de Hacienda of approximately $100,000, monthly payments of $2,500 in rent, and $2,221 in repayment of advances pursuant to Mr. Jimenez' plan of reorganization in related case 10-2205 SEK.

ARTICLE VIII – GENERAL PROVISIONS

26. Definitions and Rules of Construction. The definitions and rules of construction set forth in sections 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

A. Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

B. Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way invalidate or affect the enforceability and operative effect of any other provision of this Plan.

C. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

D. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

ARTICLE IX – DISCHARGE

27. Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of the effective

---

| Class # | Description | Impairment | Treatment |
| --- | --- | --- | --- |
| Class 3A | General Unsecured Class<br>General Unsecured Class – Except those classified below as Class 3B | impaired | shall be paid 100% of their allowed claims in 76 consecutive monthly payments of $2,500.00, to be divided prorrata amongst them, commencing six months after the effective date of the Plan. And one last payment of $1,897.31 |
| Class 3B | Unsecured claim of Banco Popular arising out of a line of credit extended to which was personally guaranteed by debtor's shareholders, as allowed under sec. 502 of the Code. | impaired | See Class 2G.<br>Whole claim treated as unsecured Class 3C in the companion case 10-2205 SEK, and paid in whole in said case.<br>This debtor shall remain jointly liable until the claim is paid in full. |

19. Class 4 Equity Interest Holders shall retain the property not otherwise disposed of under the plan, but will receive no dividends.

ARTICLE V – ALLOWANCE AND DISALLOWANCE OF CLAIMS

20. Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

21. Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non appealable order.

22. Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ARTICLE VI – PROVISIONS FOR EXECUTORY CONTRACTS

date, to the extent specified in sec. 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in sec. 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007© of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in sec. 1141(d)(6)(B).

ARTICLE X – OTHER PROVISIONS

28.    Included herewith as Exhibit 1, is a list of payments proposed to be made under this plan.

29.    As discussed in the Disclosure Statement accompanying this plan, debtor's stockholders filed a Chapter 11 case which is being handled together with this case. (Case No 10-2205 SEK) The Plan submitted by said related debtors, is included herewith as Exhibit 2, and is made a part of this plan. In Business For Team Development, Inc. will receive income from rent, and from the repayment of a debt of said shareholders.

*/S/ EDMUNDO JIMENEZ*

_____
EDMUNDO JIMENEZ, President

[Exhibit 1, a list of payments proposed to be made under this plan shall supplied once the bar date for filing claims elapse, and the subsequent claim analysis is concluded.]

EXHIBIT 2

(Plan of Reorganization

in related case 10-02205 SEK)